PEOPLE, PLAINTIFF AND APPELLEE, *v.* VARGAS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in a Prosecution for Violation of the Motor Vehicles Act.

No. 1901.—Decided May 18, 1922.

AUTOMOBILES—LIGHTS.—The purpose of the law being that automobiles parked at night in the streets, alleys or highways shall have certain lights for the purpose of avoiding accidents, that purpose is met when although the automobile itself has no lights there is sufficient light at the place where the automobile was parked to make it visible in every direction.

The facts are stated in the opinion.
*Mr. B. Forés* for the appellant.
*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Eugenio Vargas was charged with a violation of the Motor Vehicles Act consisting in having left an automobile without lights in Carbonell Street, Cabo Rojo, P. R., at 10 o'clock on the night of September 22, 1921. The allegations of the complaint were proved, but it is alleged that the act charged and proved does not constitute an offense.

Section 8 of Act No. 75 of 1916 provides that "no automobile shall be left on the public highway after sunset without sufficient lights visible in all directions to prevent it being dangerous to persons using such highway." Section 1 of the same act prescribes that "'public highway' shall mean any road, insular or municipal, or any street or alley of any municipality." See the English text of the Act.

The appellant admits that the act cited is the only law applicable, but contends that the said act does not comprehend the act of parking an automobile in a well lighted street, because then the danger sought to be avoided does not exist. The appellant further maintains that the evidence disclosed that on the night in question Carbonell Street was sufficiently lighted by electric lamps.

We think that the appellant is right. The law not only ordered that certain precautions should be taken, but also stated the reason therefor. It is natural that lights should be displayed from the automobile itself so that all persons may take notice that it is on the street or highway. But if at the place there is light from other sources sufficient to make the automobile visible in every direction, then the purpose of the law is met and no offense is committed.

In this case one of the witnesses for the prosecution, policeman López Barreto, testified that "the car was parked near the Libertad theatre; that the said street is provided with electric lamps, but they are small; that this was the manner in which the street was lighted; that he told the

defendant to switch on the lights, and that he saw the unlighted automobile from a long distance."

By virtue of all the foregoing the appeal must be sustained, the judgment appealed from reversed and the defendant discharged.

*Reversed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.